UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 JUN 29 PM 1:54
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

| | |
|---|---|
| David S. Taylor and Toby C. Taylor,<br>   Petitioners<br>v.<br>The United States and Bank of America,<br>   Respondents | Case No.:<br><br>**PETITION TO QUASH SUMMONS**<br><br>**A06CA502 LY** |

  **COMES NOW** the Petitioner, David S. Taylor, pro se, representing himself and his wife, who petitions this honorable Court for relief by granting an order to quash two summonses issued by the Internal Revenue Service (IRS), through its agents Miriam Castro (Revenue Agent. Badge #74-20412) and Arturo Velasquez (Revenue Agent Manager, Group #1177), to Bank of America, a third-party record keeper, and who would show this honorable Court the following:

I. AUTHORITY AND JURISDICTION

  1. This is an action issued under the Special Procedures for Third Party Summons Act, 26 United States Code (USC) § 7609(b)(2), to quash the summonses by halting the above-named third-party record keeper from revealing personal financial information about Petitioner to the IRS, or in the alternative, preventing the IRS from obtaining or using any financial information, records or testimony acquired from third-party record keeper that relates to Petitioner.  The information and testimony being sought by the IRS from Bank of America directly relates to Petitioner.

  2. This court has jurisdiction over this action pursuant to 26 USC § 7609(h), 28 USC § 1331, § 1340, § 1346, and the First, Fourth, Fifth, Seventh, Ninth and Tenth Amendments to the Constitution for the United States of America.

## II. PARTIES

1. Petitioner is a natural person, a living human being and a Citizen of the State of Texas where he lives and is entitled to the protection of its laws and the laws of the United States of America. Petitioner is not a corporation or any other kind or sort of fictitious entity.

2. Respondent Bank of America is a third-party record keeper and is a resident of or is found doing business in this district.

3. Respondent United States is a government entity and a corporation, and the Internal Revenue Service, from which the summonses were issued, is an agency of the United States.

## III. TIMELINESS OF ACTION

1. Pursuant to 26 USC § 7609(b)(1) and (b)(2), Petitioner, a person entitled to Notice of the Summons, has the right to begin these proceedings to intervene and quash such summons not later than the 20th day after the day such notice is given, and should serve process or mail to the address shown on the summons by registered or certified mail, a copy of this petition to the third-party record keeper who received the summons, to the local US Attorney's office and to the IRS revenue agents before whom the summoned person is to appear at the address shown on the summonses. See See Fed. R. Civ. P. 4.

2. The date of the Notice is June 13, 2006. To be timely, this Petition must be filed no later than the close of business on June 30, 2006, due to the 20th day falling on a Sunday. It is so timely filed.

## IV. SUMMONS NOT PERFECTED

1. The summons, which amounts to a search warrant, has not been signed by a magistrate having competent jurisdiction of the matter. The only signatures of authorization that the document bears are those of IRS revenue officers.

2. The IRS revenue officers are agents of the IRS, which is an agency of the federal government of the United States. These agents are seeking access to Petitioner's personal papers and effects as described in the 4th Amendment of the Constitution for the United States of America[1].

3. The records sought by the summons relate to Petitioner's personal financial information and are his personal records. This Court should quash said summons because, among other things, it lacks the requisite signature of a magistrate from a court of competent jurisdiction.

4. The information in the possession of the Respondent third-party record keeper is of a private nature and was not intended to be given to parties not authorized by Petitioner. Furnishing such personal and private information about Petitioner to the IRS or any other governmental body without Petitioner's consent is a violation of his person, his privacy, his Constitutional rights, and his natural rights, which must be protected by the government.

## V. SUMMONS LACKS LEGAL MOVING REQUISITE

1. The authority to summon is located in 26 USC § 7602, entitled "Authority to summon." Subsection (a) states:

> "For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect to any internal revenue law, or collecting any such liability, the Secretary is authorized –
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> (3) To take such testimony of the person concerned, under oath as may be relevant or material to such inquiry.

---

[1] The 4th Amendment provides "The right of the people to be secure in their persons, houses, **papers, and effects**, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probably cause supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." [emphasis added]

2. Inasmuch as the statute above specifically identifies the Secretary has having the requisite authority to issue summons and since Petitioner has repeatedly requested and been repeatedly denied being shown valid authority by the revenue agents to issue summons, Petitioner requests this Court to require IRS revenue agents to produce adequate and valid law, through statute, treasury decision or delegation order showing that such authority has been granted to the identified revenue agents who submitted the summonses referenced herein.

3. Petitioner will address the reasons for the summons set forth in subsection (a) one item at a time.

   A. **Ascertaining the correctness of the return**. The amount of tax owed by a *taxpayer*, as that specific term is defined in 26 USC § 7701(a)(14), must be listed on a Record of Summary Assessment, IRS Form 23C. Such form must be signed by an official Assessment Officer that has been appointed by the District Director of the IRS. See *March v. U.S.*, 02-2087 (10th Cir. 2003).

   The rules governing the method of assessment are set forth in 26 C.F.R. 301.6203-1, which states, in part:

   > "...The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period, if applicable, and the amount of assessment. **The amount of assessment shall, in the case of tax shown on a return *by the taxpayer*, be the amount so shown**. And in *all other cases*, the amount of the assessment shall be the amount shown on the supporting list of record. The date of assessment is the date the summary record is signed by an assessment officer." [emphasis added]

   Petitioner would call this Court's attention to the following:

   (1) If a return has been submitted, the *only* amount that can be shown on the Summary Record of Assessment is the **amount shown on said return**.

   (2) The Petitioner has submitted such a return.

   (3) Note that the regulation plainly *does not* contain a clause that allows for deviance if the Assessment Officer deems the return to be frivolous, or if the Assessment Officer determines that there has been an error in calculations, or for any

Petition to Quash Summons                                                                                                          - 4 -

other reason the Assessment Officer may come up with. It states plainly and simply that, if a return has been submitted, the amount of the assessment shall be the amount shown on the return.

Given the clarity and specificity of the law, there is no reason for the agents of the IRS to "ascertain the correctness" of Petitioner's return. The return must be accepted as presented as correct and complete.

There has been no evidence of any Summary Record of Assessment produced by the IRS. Even if such a Summary Record of Assessment *had* been produced by the IRS, pursuant to 26 Code of Federal Regulations (CFR) 301.6203-1, the amount of the Summary Record of Assessment would have to be the same as the amount shown on the return that has been submitted by Petitioner. In short, without a Summary Record of Assessment, there is properly established tax liability.

B.  **Making a return where none has been made**. This is self-explanatory, as Petitioner has clearly submitted a return. That being established, this portion does not apply.

C.  **Determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect to any internal revenue tax, or collecting any such liability**. The determination of a tax liability proceeds directly from establishing that the individual is subject to an internal revenue tax, and thereby a *taxpayer* as that specific term is defined in 26 USC § 7701(a)(14), by engaging in an activity that is taxable. The IRS does not have the authority to presume that Petitioner, over his consistent objections and requests for validation, was liable for any internal revenue tax or engaged in any taxable activity that produced *income*, as that constitutional term has been defined by many Supreme Court rulings. Issuing a summons to obtain information and testimony from a third-party record keeper without firmly establishing that an individual engaged in a taxable activity is an unauthorized use of federal power, constitutes fraud and demonstrates how the IRS operates under color of law, through force, fear and coercion, in their attempt to unlawfully acquire private property to which the federal government has no proper or legally established claim.

4. There is, therefore, absolutely no basis in law nor is there a valid reason for the issuance of this summons and it should be quashed.

5. Petitioner asks this Court to take note that the fact that Petitioner **refutes, rebuts and denies** the existence of any Summary Record of Assessment or Assessment Certificate which proclaims any income tax debt on Petitioner's part, and requests this Court to order the production of any such assessment if, in fact, one exists.

Petitioner would further request that this Court, in making such an order if such an order is to be made, demand that a certified copy of the *signed* Form 23C be produced, or in the alternative, a certified copy of the *signed* Form 4340, which the IRS sometimes substitutes for the Form 23C, be produced. The IRS has admitted that it has been less than honest when dealing with assessment forms. *March*, supra, had this to say on the subject:

> "Nevertheless, regardless of the form used, the IRS must comply with the regulations governing the assessment process. *The purpose of these regulations is to ensure both the efficiency and the accuracy of the assessment process*. **The signature requirement in 26 C.F.R. § 301.6203-1 appears to serve multiple purposes**. The requirement ensures that an assessment officer reviews the assessment before it is sent to the taxpayer, and the placing of the officer's signature establishes an effective date of the assessment that is relevant for certain timing requirements. Historically, the document reviewed and signed by the assessment officer has been Form 23C.
>
> "…In reality, the courts have created a legal fiction in which the submission of Form 4340, which lists a "23C Date," creates a *presumption* that a Form 23C was signed. While the courts have said that this presumption is rebuttable by the taxpayer, **the IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist.**" Aple. Br. at 15 n.2. ***In other words, the IRS gets the benefit of a presumption that they admit is likely false.***"   [emphasis added]

Petitioner wishes to insure that *this* Court does not give the IRS the benefit of a presumption that they have admitted is likely false.

## VI. RETURNS HAVE BEEN FILED PROPERLY

1. Petitioner complains of the actions and lack of action on the part of IRS and its revenue agents for the following reasons:

A. Petitioner believes and asserts that the IRS revenue agents have maliciously and with full knowledge of their actions, refused to accept or acknowledge Petitioner's legally filed returns as self-assessments which are his personal sworn testimony to all relevant material facts concerning and surrounding his taxable income and tax liability.

Because Petitioner signed his returns under penalty of perjury[2], the document becomes, in effect, a sworn affidavit. In law, an unrebutted affidavit stands as truth. Neither the IRS nor Agents have submitted a rebutting affidavit.

The returns for the years indicated on the summonses that have been submitted by Petitioner must then be deemed as true and correct.

B. The IRS and Agents are required to use the summons authority in good faith in pursuance of their institutional responsibility to **collect taxes and penalties**, which they have not done as indicated previously. See US v. LaSalle Nat. Bank, 437 US 46, 298-299; 98 S Ct 2357 (1978).

C. Although Petitioner has met with the IRS revenue agents several times and has requested in person and in multiple letters for the IRS to demonstrate what federally taxable activity Petitioner engaged in that subjected him to an internal revenue tax, such requests have been met with silence and have been ignored, thereby violating the clear mission of the IRS to assist individuals to understand their tax obligations if any exist. The IRS is certainly willing to burden individuals with a presumed tax liability but will not lift a finger to prove it, even when an individual rebuts, denies and testifies that no liability existed.

---

[2] Above Petitioner's signature on his return is a pre-printed statement to the effect "Under penalty of perjury, I declare that I have examined this return, and to the best of my knowledge and belief, it is true, correct, and accurately lists all amounts and sources of income I receive during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer ahs any knowledge."

## VII. SUMMONS ISSUED WITH WRONGFUL INTENT AND PURPOSE

1.  Petitioner believes and asserts that the IRS has made a formal recommendation to the Department of Justice (DOJ) for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumnavigate the decision of the Federal courts.

2.  Petitioner believes and asserts that the IRS has made a preliminary investigation into Petitioner's financial condition since it already has access to a tremendous amount of financial data about Petitioner and has thusly abandoned any hope of making any civil collection in this case, but has delayed in submitting a formal recommendation to the DOJ in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

3.  The summons itself indicates that this is a criminal investigation as much of the information sought has no bearing on a civil investigation but is within the scope and nature that is generally sought in preparation of criminal prosecutions. The relevant language of the summons states that it is for the purpose "…of inquiring into any offense connected with the administration or enforcement of the internal revenue laws…" See attached copies of summonses.

4.  Petitioner would ask the court to examine each type of document requested by the IRS in the summonses to see how it would apply in a civil matter. In examining each and every summons and all requests made therein, the court will discover that much of the information sought could in some way, contribute to the preparation of a criminal case, and at the same time are not designed for a civil inquiry.

5.  Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into whether the summonses (or parts thereof) issued during investigation exceeded the Services' authority. The Court must focus on the purposes of each individual summons (or parts thereof) and not on the purpose of the investigation as a whole. "If any one of many summons or parts thereof were issued solely for a criminal investigation, that particular summons should

be suppressed, even in the face of an overwhelmingly civil purpose of the investigation as a whole. The IRS simply would lack statutory authority to issue that particular summons." <u>US V. Genser</u>, 595 F 2d 146 (NJ 1979).

> *Genser*, supra, continues:
>
> "Several factors make the government's reading of LaSalle unreasonable. First, if the district court limits its inquiry to the existence *vel non* of a general civil purpose for the investigation, **the abuses delineated by the LaSalle majority would go undetected and unremedied**. For example, Justice Blackmun expressed a fear that the <u>**IRS might delay official referral to the Justice Department "merely . . . to gather additional evidence for the prosecution."**</u> 437 U.S. at 317, 98 S. Ct. at 2368. Under the government's reading of LaSalle, such a delay would be perfectly permissible, regardless of the purpose of the individual summonses, as long as the IRS had not yet determined the full scope of civil liability. <u>**Similarly, the government presumably would allow the Justice Department to use the IRS as an "information gathering agency" as long as the IRS had not closed its civil investigation. LaSalle, of course, prohibits such subterfuge**</u>. Id.
>
> "Second, by making the existence of a continuing civil purpose for the investigation dispositive, <u>**we would impose an impossible burden of proof upon the taxpayer. Not only would he be required to prove a negative, the nonexistence of a general civil purpose for the investigation, but he also would be required to disprove what already has been postulated, the congruence of criminal and civil liability.**</u> See 437 U.S. at 315, 98 S. Ct. at 2367. As the district court noted in this case, <u>**"it is almost impossible to conceive of a case where there can be a criminal violation . . . without civil tax consequences"**</u> [emphasis added]

6.  Since there can be no obligation without having engaged in an established federally taxable activity and since there is no properly asserted liability without assessment, and since the assessment amount and the amount shown on the return submitted by the taxpayer *must* be the same (see 26 C.F.R. 301.6203-1(a)), and since Petitioner did, in fact, submit a return for the period(s) in question, there can be no legitimate civil remedy being sought by the IRS, leaving *only* the gathering of evidence for a criminal matter as the purpose for the summonses.

7.  The IRS only has the authority granted to it by Congress. The Congress has given the IRS administrative summons powers in 26 USC §§ 7603 and 7604 to be used only in civil cases and has not yet given this administrative agency mandatory criminal investigatory powers. Therefore, the IRS simply

does not have the authority to summons those particular third-party records that would be used only in criminal prosecutions.

8. The IRS has failed to meet the procedural requirement of the summons authority of 26 USC §§ 7602, 7603, 7608 and 7609 because it has been filled out by an unauthorized person and served incorrectly for an improper purpose (see 26 USC § 7608, which plainly provides that the summons must be prepared by an IRS employee who has been appointed by the Secretary to enforce the provisions of subtitle E), and violated the notice and hearing requirements in that no notification was provided to Petitioner as required by the provisions of 26 USC § 7602.

9. The information required to complete an assessment is already in the possession of the Commissioner. The information sought by the summonses is, therefore, immaterial and irrelevant. The summonses are an abuse of the administrative process and issued for the improper purpose of harassing and pressuring the Petitioner. *US V. Powell,* 379 US 78, 85 S Ct 248 (1964).

10. The government alleges that one refuting a summons bears the burden of disproving the actual existence of a valid civil tax determination for collections purpose. To meet said burden, Petitioner needs adequate pre-hearing discovery. Petitioner, given sufficient discovery, can prove:

   A. No further existence of a continuing civil purpose.
   B. A pre-existing institutional commitment to prosecute exists.
   C. The failure of the summons to advance a civil purpose.
   D. Improper purpose, political harassment, etc.

11. The Tax Equity and Fiscal Responsibility Act of 1982, which contains the provision under which that Act was passed provided individuals the right to petition to quash the summons. Obviously, the Congress meant for the suit to be meaningful, with adequate pre-hearing discovery, plus a real evidentiary hearing with government witnesses testifying under oath.

12. 26 USC § 7603 provides that the summons be "attested," and this is mandatory. The IRS summons in this case is not attested, thereby rendering it invalid.

13. The Court should quash the summonses issued with respect to the Petitioner on the grounds that the IRS failed to satisfy all statutory prerequisites thereto; namely, that in making its respective determinations regarding the Petitioner's alleged tax liabilities for each of the years in question, inclusive, the IRS neglected to give reasonable advance notice to the Petitioner in that it intended to seek information from third-parties.

14. Before the IRS directed its administrative summons to the Respondent third-party record keeper, it was required to give the Petitioner a notice for the years in question before it made contact with any party record keeper, and it failed to do so, thereby violating the provisions of 26 USC §7602(c). 26 Code of Federal Regulations (CFR) §301.7602-2(a) states: "No officer or employee of the Internal Revenue Service may contact any person other than the taxpayer with respect to the determination or collection of such taxpayer's tax liability without giving the taxpayer reasonable notice in advance that such contacts may be made." As such, the IRS has failed to satisfy "all administrative steps required by the Internal Revenue Code for issuance of a summons", a component of the test laid down for the IRS by the Supreme Court of the United States in <u>United States v. Powell</u>, 379 U.S. 48, 58 (1964).

15. Given that the IRS must satisfy every element of the <u>Powell</u> test before its summonses may be given legal force and effect, the IRS's failure to do so here requires this Court to quash the instant summons.

16. Copies of the IRS third-party summonses relevant to the instant matter are attached hereto. ~~See Exhibit 2.~~

WHEREFORE, Petitioner has shown this honorable Court good cause and reason to quash the third-party summonses that have been issued by the IRS and prays this Court to grant the relief requested, and any other relief that it deems just and proper.

Filed: _____

                                                 **Respectfully submitted by:**

*[signature: David S. Taylor]*

**David S. Taylor**
1510 Amber Day Dr.,
Pfluggerville, TX 78660
(512) 786-8870
(512) 283-1091 (Facsimile)

Dated this 29th day of June, 2006

_____

## CERTIFICATE OF SERVICE

I, David S. Taylor, do hereby certify and declare under penalties of perjury that, on the 29th day of June, 2006, a true and correct copy of the foregoing Petition was forwarded by certified mail or personally delivered to the following persons at the addresses listed:

United States Attorney General
    Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530-0001

United States Attorney's Office
    816 Congress Ave., Suite 1000
    Austin, Texas 78701

Bank of America
    Legal Order Processing Division
    PO Box 3609
    Los Angeles, CA 90051

Internal Revenue Service
    9430 Research Blvd., Echelon 1 [Mailstop: 4117 AUNW]
    Austin, Texas 78759


*/s/ David S. Taylor*
David S. Taylor



# Summons

In the matter of  David S. Taylor and Toby C. Taylor 1510 Amber Day Drive, Pflugerville, Texas 78660
Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  SE:S:E:GSA:SA:1177
Periods:  Calendar years ending December 31, 2003

## The Commissioner of Internal Revenue

To:  Bank of America, Legal Order Processing CA9-705-05-19

At:  PO Box 3609, Los Angeles, CA 90051

You are hereby summoned and required to appear before  Miriam Castro, Revenue Agent, Badge Number 74-20412
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide the following account records for all accounts over which David S. Taylor, SSN 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, had signature authority during the calendar year 2003 including but not limited to account number 332210293935 KS Acct:

These records should include but are not limited to:

1. Copies of David S. Taylor's bank account signature cards

2. Copies of monthly bank statements for all open and closed checking and or savings accounts.

3. Microfilm facsimiles of bank deposit tickets and transit items; including incoming wire transfers.

4. Microfilm facsimiles of withdrawal transactions, including cancelled checks, wire transfers, and account adjustments.

5. Printout of Activity history for Bank of America VISA check card ending 9266.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

9430 Research Blvd, Echelon 1, Mailstop 4117 AUNW, Austin, Texas  78759    512-464-3513

**Place and time for appearance at**  9430 Research Blvd, Echelon 1, Austin, Texas  78759 CAN BE MAILED IN
PLEASE CALL IF THE INVOICE WILL EXCEED $250

## IRS

on the ___10th___ day of ___July___, ___2006___ at ___3___ o'clock ___p___ m.
(year)
Issued under authority of the Internal Revenue Code this ___13___ day of ___June___, ___2006___.
(year)

Department of the Treasury
Internal Revenue Service

_Miriam Castro_
Signature of issuing officer

Internal Revenue Agent
Title

www.irs.gov

_signature_
Signature of approving officer (if applicable)

Manager, Group 1177
Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part C — to be given to noticee



# Summons

In the matter of  David S. Taylor, 1510 Amber Day Drive, Pflugerville, Texas 78660
Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  SE:S:E:GSA:SA:1177
Periods:  Calendar years ending December 31, 2004 and December 31, 2005

## The Commissioner of Internal Revenue

To:  Bank of America, Legal Order Processing CA9-705-05-19

At:  PO Box 3609, Los Angeles, CA 90051

You are hereby summoned and required to appear before  Miriam Castro, Revenue Agent, Badge Number 74-20412  an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide the following account records for all accounts over which David S. Taylor, SSN 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, had signature authority during the calendar years 2004 and 2005 including but not limited to account number 332210293935 KS Acct:

These records should include but are not limited to:

1. Copies of David S. Taylor's bank account signature cards

2. Copies of monthly bank statements for all open and closed checking and or savings accounts.

3. Microfilm facsimiles of bank deposit tickets and transit items; including incoming wire transfers.

4. Microfilm facsimiles of withdrawal transactions, including cancelled checks, wire transfers, and account adjustments.

5. Printout of Activity history for Bank of America VISA check card ending 9266.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
9430 Research Blvd, Echelon 1, Mailstop 4117 AUNW, Austin, Texas 78759   512-464-3513

**Place and time for appearance at**  9430 Research Blvd, Echelon 1, Austin, Texas 78759- CAN BE MAILED IN
PLEASE ADVISE IF THE INVOICE WILL EXCEED $250

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the  10th  day of  July , 2006  at  3  o'clock  p  m.
                                         (year)
Issued under authority of the Internal Revenue Code this  13th  day of  June , 2006 .
                                                                                (year)

_Miriam Castro_
Signature of issuing officer

_[signature]_
Signature of approving officer (if applicable)

Internal Revenue Agent
Title

Manager, Group 1177
Title

Part C — to be given to noticee

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**A06CA502 LY**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David S. Taylor and
Toby C. Taylor

**(b)** County of Residence of First Listed Plaintiff: **Travis**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

## DEFENDANTS
United States and
Bank of America

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☒ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**26 USC 7609**

Brief description of cause:
**Petition to Quash Summons**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # 38627 AMOUNT 350.00 APPLYING IFP _____ JUDGE Yeakel MAG. JUDGE _____

AO82
(Rev. 4/90)

ORIGINAL                                                386270

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**
at _Austin_

RECEIVED FROM _David Taylor_
_1510 Amber Day Dr._
_Pflugerville Tx 78660_

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60 00 |
| 604700 | Registry Funds | 510000 | 19 00 |
| | General and Special Funds | 086400 | 100 00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | **TOTAL** | |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference |
| 322360 | Miscellaneous Fees | 1:06-CV-502 |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | New Case |
| 121000 | Conscience Fund | |
| 129900 | Gifts | |
| 504100 | Crime Victims Fund | Taylor V. USA |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

$Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DATE _6-29-06_   Cash ☒  Check  M.O.  Credit   DEPUTY CLERK [signature]

_7-3-06_