IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID S. TAYLOR AND | § | |
| TOBY C. TAYLOR | § | |
| | § | |
| | § | |
| | § | |
| v. | § | A-06-CA-502 LY |
| | § | |
| UNITED STATES OF AMERICA | § | |
| AND BANK OF AMERICA | § | |
| | § | |

**ORDER**

Before the Court is Plaintiffs' Second Amended Petition to Quash Summons filed July 3, 2006 (Clerk's Doc. No. 9), and Defendant United States' Brief in Response to Court's Order filed August 29, 2006 (Clerk's Doc. No. 14).

The IRS is investigating Plaintiffs' income for the years 2003–2005. In furtherance of that investigation, an IRS Revenue Agent issued a summons to Bank of America, directing them to produce any books, papers, records, and any other data pertaining to Plaintiffs. Plaintiffs filed a Petition to Quash the summons. In their Petition, Plaintiffs argue that: (1) because the summons is a de facto search warrant, it must be signed by a magistrate; (2) Defendant has failed to satisfy 26 U.S.C. § 7602, which gives the Secretary of the Internal Revenue Service ("IRS") the authority to issue a summons; (3) their returns have been properly filed, and the IRS has not demonstrated what taxable activity they have engaged in to warrant a summons; and (4) the summons has been issued ostensibly to further a civil investigation, but in reality is intended for a criminal prosecution, a practice forbidden by *United States v. LaSalle Nat. Bank*, 437 U.S. 298 (1978).

To properly explain the basis for the Court's ruling on Plaintiffs' motion, the Court must, before taking up Plaintiffs' argument, first set out the relevant law. The touchstone case delineating

the prima facie case the government must make in order to obtain enforcement of a summons from the courts is *United States v. Powell*. *See Mazurek v. United States*, 271 F.3d 226, 229-30 (5th Cir. 2001) (citing the four-factor test in *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). The burden on the government to produce a prima facie case is "slight" or "minimal." *Barquero v. United States*, 18 F.3d 1311, 1317 (5th Cir. 1994). Next, if the government meets its burden, the Court must determine whether Plaintiffs fulfills their "heavy" burden of rebutting the government's case by either undermining the government's contentions regarding any of the *Powell* factors or by demonstrating that enforcement of the summons would result in an abuse of the judicial process. *Mazurek*, 271 F.3d at 230.

In *Powell*, the Supreme Court identified four factors that the government must show to establish a prima facie case for summons enforcement: (1) the investigation is conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the IRS have been followed. *Powell*, 379 U.S. at 57-58. "The government's minimal burden at this stage can be fulfilled by a 'simple affidavit' by the IRS agent issuing the summons." *Mazurek*, 271 F.3d at 230.

26 U.S.C. § 7602 sets out the permissible purposes for which the IRS may seek a summons. The legitimate purposes are to: (1) ascertain the correctness of any return; (2) make a return where none has been filed; (3) determine the liability of any person for any internal revenue tax; (4) collecting any tax liability; (5) inquire into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. §§ 7602(a)–(b). Marjorie Farris, an IRS Revenue Agent, testified (via an affidavit attached to the Defendant's response) that she is conducting an investigation into the joint tax liability of Plaintiffs for 2003–2005. This is a

legitimate purpose under § 7602, and therefore satisfies the first *Powell* factor. *See Mazurek*, 271 F.3d at 230. And the inquiry at issue – a third-party summons to the Bank of America to produce any relevant books, papers, records, or other data pertaining to the Plaintiffs for the years – 2003–2005 – is relevant to that purpose. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (§ 7602(a) language that IRS may have access "To examine any books, papers, records, or other data which may be relevant" to the investigation "reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility.").

The final two factors are also fulfilled by Farris's affidavit. She stated that the IRS does not have possession of the books, papers, records, or other data sought, thus satisfying the third *Powell* factor. The affidavit also demonstrates that the IRS has followed the required administrative steps to issue a summons, thus satisfying the fourth *Powell* factor. Therefore, Defendant has satisfied its burden of setting out the prima facie case to obtain enforcement of the summons.

In response to the *prima facie* case made by the United States, Plaintiffs first argue that the summons amounts to a search warrant and therefore must be signed by a magistrate judge and because this particular summons was not signed by a magistrate judge it must be quashed. Plaintiff cites no authority for this proposition. 26 U.S.C. § 7609 grants the right, among others, to a taxpayer to move to quash a summons issued to, as here, a third-party record keeper. 26 U.S.C. § 7609. This section contains no requirement that a summons be signed by a magistrate judge, and neither does § 7602, the provision of the tax code that gives the IRS the authority to issue a summons. *See* 26 U.S.C. §§ 7602, 7609. Therefore, this argument does not help Plaintiffs carry their heavy burden in rebutting Defedants' *prima facie* case. *See Powell*, 379 U.S. at 57–58.

Plaintiffs' second argument attacks the bases for the IRS's authority to issue a summons. 26 U.S.C. § 7602. First, Plaintiffs argue that there is no need for the IRS agents to "ascertain[] the correctness"of their income tax return, *see* 26 U.S.C. § 7602, because the law requires the IRS to accept the return "as presented as correct and complete." Plaintiffs Second Amended Petition to Quash Summons, at p. 5. Plaintiffs' authority for this (rather astonishing) claim is 26 C.F.R. § 301.6203-1, which states in the relevant part

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record.

26 C.F.R. § 301.6203-1. This regulation, however, deals with the regulations governing the assessment process that the IRS must comply with. *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003). An assessment made by the IRS simply records the liability of the individual taxpayer, and, upon request of the taxpayer, the IRS must furnish the taxpayer a copy of the record of the assessment. 26 U.S.C. § 6203. This case does not involve any assessment by the IRS, and the quoted section has absolutely nothing to do with whether an IRS summons is valid. This argument thus fails to assist Plaintiffs' cause.[1]

---

[1] Plaintiffs also makes another argument based on 26 C.F.R. § 301.6203-1, which seems to be that the IRS cannot presume that they (the Plaintiffs) "engaged in any taxable activity that produced income." Plaintiffs Second Amended Petition to Quash Summons, at p.5. That is, or so the Plaintiffs' argument goes, the IRS must first establish that Plaintiffs had income *before* it can request a third-party summons to Bank of America. This seems to confuse the very point of the IRS summons – the point being that the IRS is requesting the summons to establish what taxes Plaintiffs may owe.

Plaintiffs' also cite *United States v. LaSalle Nat'l Bank*, 437 U.S. 298 (1978) and *United States v. Genser*, 595 F.2d 146 (3rd Cir. 1979), for the proposition that the IRS cannot use its summons power in bad faith to collect evidence for a future criminal prosecution. This argument runs into two problems. First, Farris's affidavit states that there has been no referral of this case to the Department of Justice for a criminal prosecution. As a sworn statement unrebutted by any other evidence, the Court must accept the statement as true. Second, in 1982 "Congress amended § 7602 to permit the issuance of a summons for 'the purpose of inquiring into any *offense* connected with the administration or enforcement of the internal revenue laws,'" *United States v. Millman*, 822 F.2d 305, 308 (2d Cir. 1987) (citing to 26 U.S.C. § 7602(b)) (emphasis added), thereby superceding *LaSalle* and *Genser* by its act. *See id*. (Holding that the precise question addressed in *LaSalle* is no longer a live one).[2] Therefore, both cases cited by Plaintiff are inapplicable.

Finally, Plaintiffs' complain that they were not given reasonable notice by the IRS that it intended to summon certain Bank of America records, thereby violating the final *Powell* factor – compliance with all administrative steps. *See* 26 C.F.R. § 301.7602-2(a) (stating that IRS, when attempting to determine taxpayer's liability, may not contact any person other than taxpayer without giving reasonable notice in advance to taxpayer). However, the IRS did in fact, on June 14, 2006, serve Plaintiffs with a copy of the summons. *See* Defendant's Response to Plaintiff's Second

---

[2]The Court does note that this 1982 legislation does not mean that it is impossible for an IRS summons to ever be issued for an improper purpose, just that the basis relied on by Plaintiffs is no longer available. *See Millman*, 822 F.2d at 308.

Amended Petition to Quash Summons, Exh. B.  Therefore, reasonable notice was given (and this notice, one must imagine, is what spurred Plaintiffs to file their Petition to Quash Summons).[3]

Because Plaintiffs have failed to rebut the government's case by either undermining the government's contentions regarding any of the *Powell* factors or by demonstrating that enforcement of the summons would result in an abuse of the judicial process, their Second Amended Petition to Quash Summons (Clerk's Doc. No. 9) is DENIED.[4]

It is so ORDERED.

SIGNED this 7th day of September, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs make a number of other arguments, all of which are equally unavailing.  Plaintiffs baldly state that the IRS is in possession of the relevant materials already, therefore, the government cannot satisfy the third *Powell* factor.  However, they offer no evidence to back up this assertion.  Moreover, Farris's affidavit states that the IRS is *not* in possession of the relevant materials.  Plaintiff alleges that in order to rebut the IRS's claims, he needs adequate time for discovery.  However, there is simply nothing in this case that merits discovery and such a measure is not called for.

[4] Plaintiffs filed a series of motions to amend their original motion to quash.  The Court's Order herein disposes of all of the arguments Plaintiffs have raised in their various amendments, and the Court therefore orders that all other motions pending in the case are also DENIED AS MOOT.